**Alma Delia Saldana HERRERA,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–70180.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2006.*

Decided April 17, 2006.

Alma Delia Saldana Herrera, Corona, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, David Dauenheimer, DOJ—U.S. Department of Justice, Civil Division/Torts Branch, Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN and PAEZ, Circuit Judges.

MEMORANDUM **

Alma Delia Saldana Herrera, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Petitioner contends that the IJ erred as a matter of law in concluding that she failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). Petitioner testified that she was apprehended by immigration authorities and returned to Mexico in 1997. The IJ concluded that the apprehension and return constituted a break in petitioner's continuous physical presence such that she failed to meet the requisite ten-years before issuance of the Notice to Appear.

We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales*, 430 F.3d 997, 1002–1004 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. *See Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

On the record before us, we cannot determine whether petitioner's return to Mexico by immigration officials was the result of a "turn-around," as discussed in *Tapia*, or an administrative voluntary departure, as discussed in *Vasquez–Lopez*. Accordingly, we grant the petition and remand to the Board for further proceedings concerning the nature of petitioner's contact with immigration officials in 1997.

Petitioner's contentions regarding the BIA's streamlining procedures are foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848, 851 (9th Cir.2003),

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

PETITION FOR REVIEW GRANT-ED; REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.